# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OYSTER HR, INC.,

      Plaintiff,

      v.

SNOWFALL SERVICES LIMITED,

      Defendant.

Civil Action No. 24-1392-GBW

---

## MEMORANDUM OPINION

Samuel Lee Moultrie, GREENBERG TRAURIG, LLP, Wilmington, DE; Steven J. Rosenwasser, GREENBERG TRAURIG, LLP, Atlanta, GA.

*Counsel for Plaintiff*

July 15, 2026
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Plaintiff Oyster HR, Inc. ("Plaintiff" or "Oyster") brings this breach of contract action against Defendant Snowfall Services Limited ("Defendant" or "Snowfall"). Now pending before the Court is Plaintiff's Motion for Default Judgment (D.I. 7). For the reasons set forth below, Plaintiff's Motion for Default Judgment (D.I. 7) is granted.

## I.      BACKGROUND

### A.      Factual Background

The following facts are drawn from Plaintiff's Complaint.[1] On September 19, 2024, the parties entered into a settlement agreement (the "Agreement"). D.I. 1 ¶ 20; *see also* D.I. 1-1, Ex. A. The Agreement contained terms regarding payments in British Pounds Sterling (£). Pursuant to the Agreement, Defendant agreed to pay Plaintiff six equal monthly payments of £16,638 per month, totaling £99,832 (the "Balance Due"). D.I. 1 ¶ 20; *see also* D.I. 1-1, Ex. A §§ 3, 5(a). The first payment was due on October 10, 2024; the remaining five payments were due "on or before the 10th of the month in November 2024, December 2024, January 2025, February 2025, and March 2025." D.I. 1 ¶ 21 (citing D.I. 1-1, Ex. A § 5(a)). Defendant made the first payment under the Agreement, six days after it was due. D.I. 1 ¶¶ 22-24. However, despite Plaintiff's attempts to collect subsequent payments, Defendant failed to make the second payment due under the Agreement. D.I. 1 ¶¶ 26-27. Plaintiff alleges that the remaining principal Balance Due was £83,194.61 as of the time of the filing of Plaintiff's Complaint. D.I. 1 ¶ 29.

---

[1] "When a district court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (citation omitted).

### B.    Procedural Background

Plaintiff filed its Complaint on December 19, 2024, alleging breach of the Agreement. D.I. 1. The Clerk of the Court entered default as to Defendant on February 28, 2025. D.I. 6.[2]  Soon thereafter, Plaintiff filed its Motion for Default Judgment. D.I. 7. Plaintiff has submitted a memorandum of law and a declaration in support of its Motion for Default Judgment. D.I. 8; D.I. 9. Defendant has not filed any response to Plaintiff's Motion for Default Judgment or otherwise appeared in this action.

## II.    LEGAL STANDARD

The entry of default judgment is a two-step process. *Gera v. Borough of Frackville*, No. 25-1722, 2025 WL 3158699, at *2 (3d Cir. Nov. 12, 2025). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, following the entry of default, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Entry of defaults and default judgments are disfavored in [the Third Circuit], so 'doubtful cases' should be resolved in favor of the party against whom one is sought."

---

[2] Defendant was served via the methods of service specified in Section 9 of the Agreement. D.I. 5-1, Ex. A ¶¶ 1-3; D.I. 5-2, Ex. B ¶¶ 5-8; D.I. 8 at 7; *see, e.g.*, *Beep, Inc. v. Benteler Trading Int'l AG*, C.A. No. 25-CV-7626 (JGK), 2026 WL 205598, at *2 (S.D.N.Y. Jan. 26, 2026) ("It is well-established that parties to a contract may agree in advance to methods of service of process distinct from those prescribed by Rule 4 of the Federal Rules of Civil Procedure." (collecting cases)).

3

*Gera*, 2025 WL 3158699, at *2 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)).

"Before entering a default judgment, the Court must decide whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Insight Invs., LLC v. Bos. Mkt. Corp.*, No. 23-CV-1077-GBW, 2024 WL 1637320, at *2 (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). "If the complaint establishes a cause of action, the court then considers three factors to determine if default judgment is appropriate: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

## III.    DISCUSSION[3]

Plaintiff has requested and obtained the entry of Defendant's default from the Clerk of the Court. D.I. 5; D.I. 6. Accordingly, the Court turns to whether Plaintiff has alleged a legitimate cause of action. Plaintiff's Complaint alleges two causes of action: (1) breach of the Agreement (D.I. 1 ¶¶ 31-44); and (2) a claim for attorneys' fees pursuant to the Agreement (*id.* ¶¶ 45-48). The Agreement contains a choice-of-law provision providing that the Agreement shall be interpreted under Delaware law. *See* D.I. 1-1, Ex. A § 8 ("This Agreement shall be interpreted exclusively under the laws of the State of Delaware"). Thus, the Court applies Delaware law to Counts I and II. *See Somaxon Pharmacuticals, Inc. v. Actavis Elizabeth LLC*, C.A. No. 10-1100-RGA, 2020

---

[3] The Court has subject matter jurisdiction under 28 U.S.C. § 1332. *See* D.I. 1 ¶¶ 6-7, 10. Moreover, in the Agreement, the parties consented to personal jurisdiction in the District of Delaware, D.I. 1-1, Ex. A § 8. Thus, the Court finds that the exercise of personal jurisdiction is proper under the circumstances. *See, e.g., Greenstar, LLC v. Heller*, 934 F. Supp. 2d 672, 676 n.1 (D. Del. 2013).

WL 3470471, at *2 (D. Del. June 25, 2020) (applying Delaware law to breach of contract claim based upon a similar contractual provision).

"Under Delaware law, which governs the [] Agreement, the elements of a claim for breach of contract are a contractual obligation, a breach of that obligation by the defendant, and a causally related injury warranting a remedy." *Calumet Cap. Partners LLC v. Victory Park Cap. Advisors, LLC*, 353 A.3d 88, 112 (Del. Ch. 2026) (citing *AB Stable VIII LLC v. Maps Hotels & Resorts One LLC*, 2020 WL 7024929, at *47 (Del. Ch. Nov. 30, 2020), *aff'd*, 268 A.3d 198 (Del. 2021)). In the present action, Plaintiff's Complaint adequately alleges the existence of a contract (the Agreement), Defendant's breach of that contract (via failure to make payments owed to Plaintiff), and causally related injury warranting a remedy (Plaintiff's failure to receive payment). *See, e.g.*, D.I. 1 ¶¶ 1-5, 20-21, 25-27, 29-30, 32-44, 46-48. Thus, the Court finds that Count I is a legitimate cause of action supported by well-pleaded allegations.

As for Count II, the Agreement contains a provision stating that "[t]he prevailing party in any litigation arising out of or relating to this Agreement shall recover its attorneys' fees, costs, and expenses as well as any arbitration fees, costs, and expenses." D.I. 1-1, Ex. A § 13. While Delaware courts ordinarily follow the "American Rule," under which litigants typically bear their own litigation costs, "a fee-shifting provision in an enforceable contract provides a clear exception to the default American Rule." *Winklevoss Cap. Fund, LLC v. Shaw*, No. 2018-0398-NAC, 2024 WL 3888757, at *21 (Del. Ch. Aug. 21, 2024) (cleaned up). Given the Court's finding that Plaintiff is entitled to default judgment on Count I for breach of the Agreement, the Court finds that Plaintiff is properly considered the prevailing party for the purpose of Count II. *See id.* at *21 ("Plaintiffs are the prevailing parties. They sought and obtained a default judgment and showed

Defendants breached fiduciary and contractual obligations"). Thus, the Court finds that Plaintiff is entitled to attorneys' fees, costs, and expenses pursuant to the Agreement.

Having addressed whether Plaintiff's Complaint alleges a legitimate cause of action, the Court next considers the three *Chamberlain* factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). In the present action, all three of the *Chamberlain* factors favor Plaintiff. First, Plaintiff will suffer prejudice as a result of not recovering a substantial sum of money. *See Insight*, 2024 WL 1637320, at *3. Second, "because [Defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether [Defendant] has any litigable defenses." *Prudential Ins. Co. of Am. v. Taylor*, No. CIV.A.08-2108SDW, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009). Third, "there [is] nothing before the Court to suggest that anything other than [D]efendant's willful negligence caused [Defendant's] failure to file an answer," so the third *Chamberlain* factor also favors Plaintiff. *See id.* (citing *Chamberlain*, 210 F.3d at 164). "Even if the Court were to assume that [Defendant's] failure to respond in this action was not due to culpable conduct, the *Chamberlain* factors would still favor [Plaintiff]." *Insight*, 2024 WL 1637320, at *3. For the foregoing reasons, default judgment will be entered against Defendant.

"The Court takes the Complaint's well-pled facts as true, but damages must be proven by the Plaintiff." *Insight*, 2024 WL 1637320, at *3 (citation omitted). Plaintiff alleges damages arising from Defendant's failure to pay the Balance Due under the Agreement, and requests damages in the amount of £96,728.38 – which Plaintiff calculates as the remaining principal Balance Due (£82,246.58), plus total interest (£14,481.80, as of the time of the filing of Plaintiff's

6

Motion for Default Judgment) – and interest accruing per diem (£20.51). D.I. 8 at 14. In support of its request, Plaintiff has also submitted a sworn declaration from an employee within its treasury department (1) attesting to the Balance Due owed by Defendant to Plaintiff, and (2) attaching an accounting statement evidencing the same. D.I. 9 ¶¶ 2, 24; D.I. 9-1, Ex. E. The Court has reviewed Plaintiff's calculations, briefing, as well as the supporting declaration and its exhibits, and finds Plaintiff's damages request for its breach of contract claim to be adequately proven. The Court will defer consideration of Plaintiff's request for attorneys' fees and costs until after the filing of Plaintiff's petition for attorneys' fees and costs.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (D.I. 7) is granted. An appropriate Order follows.

7